J-S19005-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
TYRONE HOPPER :
:
Appellant : No. 3095 EDA 2016
:

Appeal from the Judgment of Sentence August 25, 2016
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0013614-2013,
CP-51-CR-0013615-2013

BEFORE:   SHOGAN, J., NICHOLS, J., and PLATT*, J.

MEMORANDUM BY SHOGAN, J.:                    **FILED DECEMBER 05, 2018**

Appellant, Tyrone Hopper, appeals from the judgment of sentence entered on August 25, 2016.  In an earlier memorandum filed on April 25, 2018, we remanded this matter to the trial court for the appointment of counsel to represent Appellant at CP-51-CR-0013614-2013 and CP-51-CR-0013615-2013 and to comply with Pa.R.A.P. 1925.  We also directed the trial court to file an opinion addressing any issues raised on appeal.  On May 2, 2018, Appellant, through appointed counsel, filed a Pa.R.A.P. 1925(c)(4) statement of intent to file a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern withdrawal from representation on direct appeal.  On May 24, 2018, the trial court filed a supplemental opinion.  On July 31, 2018, counsel

- 1 -

for Appellant filed a timely **Anders** brief and petition to withdraw his representation. This matter is now ripe for disposition, and after careful review, we grant counsel's petition to withdraw and affirm Appellant's judgment of sentence.

The record reveals that on August 26, 2013, in the 500 block of Carpenter Street in Philadelphia, Appellant approached Saleese Austin and Leroy Byrd. Appellant pointed a gun at Mr. Byrd and Ms. Austin, and he ordered Mr. Byrd to empty his pockets. Trial Court Opinion, 5/18/17, at 2. Mr. Byrd and Appellant then engaged in a physical altercation, and Mr. Byrd disarmed Appellant and restrained him until police arrived. **Id.** at 2-3. In a criminal information filed at CP-51-CR-0013614-2013, the Commonwealth charged Appellant with aggravated assault, robbery, criminal attempt, possessing an instrument of crime ("PIC"), simple assault, recklessly endangering another person ("REAP"), resisting arrest, and four counts of violating the uniform firearms act ("VUFA"), relating to the crimes committed against Mr. Byrd.[1] Information, 11/15/13. Additionally, in a separate criminal information filed at CP-51-CR-0013615-2013, the Commonwealth charged Appellant with simple assault, REAP, and PIC in connection to the crimes committed against Ms. Austin.[2] Information, 11/15/13.

_____

[1] 18 Pa.C.S. §§ 2702(a), 3701(a)(1)(ii), 901(a), 907(a), 2701(a), 2705, 5104, 6105(a)(1), 6106(a)(1), 6106.1, and 6108, respectively.

[2] 18 Pa.C.S. §§ 2701(a), 2705, and 907(a), respectively.

The cases at CP-51-CR-0013614-2013 and CP-51-CR-0013615-2013 were consolidated for trial. Following a jury trial, Appellant was found guilty of robbery, VUFA (possession of a firearm by a prohibited person), VUFA (firearms not to be carried without a license), VUFA (firearms not to be carried in public in Philadelphia), PIC, and REAP at CP-51-CR-0013614-2013. At docket number CP-51-CR-0013615-2013, the jury found Appellant guilty of REAP.

At CP-51-CR-0013614-2013, the trial court sentenced Appellant to a term of incarceration of six to twelve years for robbery, a consecutive term of two to four years of incarceration for VUFA (possession of a firearm by a prohibited person), a concurrent term of two to four years of incarceration for VUFA (firearms not to be carried without a license), a concurrent term of two to four years of incarceration for VUFA (firearms not to be carried in public in Philadelphia), a concurrent term of two to four years of incarceration for PIC, and a consecutive term of two years of probation for REAP. Order of Sentence, 8/25/16. At CP-51-CR-0013615-2013, the trial court sentenced Appellant to a term of two years of probation for REAP to be served concurrently with the two-year sentence of probation at CP-51-CR-0013614-2013. Order of Sentence, 8/25/16. This resulted in an aggregate sentence of eight to sixteen years of incarceration followed by two years of probation.

As noted, counsel filed a petition to withdraw representation. Before we address any questions raised on appeal, we must resolve appellate counsel's

request to withdraw. *Commonwealth v. Cartrette*, 83 A.3d 1030 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id*. at 1032 (citation omitted).

In this case, counsel averred that he conducted a conscientious review of the record and pertinent legal research. Following that review, counsel concluded that the present appeal is frivolous. Counsel sent Appellant a copy of the *Anders* brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition to withdraw. In the letter, counsel advised Appellant that he could represent himself or that he could retain private counsel. Appellant has not filed any additional documents with this Court.

We now examine whether the brief satisfies our Supreme Court's dictates in *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009), which provide that:

> in the *Anders* brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the

appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

*Id.* at 361. "[W]hen counsel meets his or her obligations, 'it then becomes the responsibility of the reviewing court to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact wholly frivolous.'" *Id.* at 355 n.5 (quoting *Commonwealth v. McClendon*, 434 A.2d 1185, 1187 (Pa. 1981)).

Counsel's brief is compliant with *Santiago*. The brief sets forth the procedural history of this case, outlines pertinent case authority, and discusses counsel's conclusion that the appeal is frivolous. We thus conclude that the procedural and briefing requirements for withdrawal have been met.

Counsel for Appellant has indicated that, after a thorough and careful review of the certified record, there are no meritorious issues. *Anders* Brief at 11. However, counsel does set forth three possible issues: 1) Appellant's sentence is manifestly excessive due to the consecutive nature of the sentences imposed; 2) there was insufficient evidence to sustain the verdict; and 3) the verdict was against the weight of the evidence. *Id.* at 12-14. We shall address these issues in the order in which they were presented.

Appellant first presents a challenge to the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the

- 5 -

discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. ***Commonwealth v. W.H.M.***, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in ***Commonwealth v. Moury***, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
>> We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

***Id.*** at 170 (citing ***Commonwealth v. Evans***, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. ***Commonwealth v. Sierra***, 752 A.2d 910, 912-913 (Pa. Super. 2000).

Herein, the first two requirements of the four-part test are satisfied: Appellant brought a timely appeal and raised the challenge in a post-sentence

- 6 -

motion. Appellant's brief however, does not contain a concise statement of the reasons relied upon for allowance of appeal pursuant to Pa.R.A.P. 2119(f). However, as we have received no objection from the Commonwealth, we overlook this deficiency. *See Commonwealth v. Patterson*, 180 A.3d 1217, 1232 (Pa. Super. 2018) (stating that when the Commonwealth does not object to an appellant's failure to include a Pa.R.A.P. 2119(f) statement, it results in waiver of the defect). Therefore, we next determine whether Appellant raised a substantial question requiring us to review the discretionary aspects of the sentence imposed by the trial court.

In the *Anders* brief, counsel avers that the trial court imposed a manifestly excessive sentence due to the consecutive nature of the sentences. *Anders* Brief at 12-14. However, "[a] bald claim that an aggregate sentence is manifestly excessive because the individual sentences are consecutive does not raise a substantial question." *Commonwealth v. Dodge*, 77 A.3d 1263, 1270 (Pa. Super. 2013). It is well settled that a criminal defendant is not entitled to a volume discount for his crimes by having his sentences run concurrently. *Commonwealth v. Hoag*, 665 A.2d 1212, 1214 (Pa. Super. 1995). We conclude that Appellant failed to present a substantial question, and therefore, we decline to address this issue further.

Next, Appellant avers that the evidence was insufficient to find him guilty of the crimes for which he was convicted. Initially, we note that this issue, as presented in the *Anders* brief, lacks specificity. Generally, when an

appellant fails to set forth the crimes and the specific elements of those crimes that were allegedly not proven by sufficient evidence, the challenge is waived. *See Commonwealth v. Gibbs*, 981 A.2d 274, 281 (Pa. Super. 2009) (reiterating that when an appellant challenges the sufficiency of the evidence on appeal, the appellant's Pa.R.A.P. 1925(b) statement must "specify the element or elements upon which the evidence was insufficient" in order to preserve the issue on appeal) (quoting *Commonwealth v. Williams*, 959 A.2d 1252, 1257 (Pa. Super. 2008) (citations omitted)).

However, in the case at bar, counsel filed a Pa.R.A.P. 1925(c)(4) statement of intent to file an *Anders* brief. Because counsel did not file a statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), and he instead seeks to withdraw pursuant to *Anders*, we decline to find waiver hastily. Rather, we shall examine these claims as part of our independent review of the record. *Santiago*, 978 A.2d at 355 n.5.

We analyze issues challenging the sufficiency of the evidence under the following parameters:

> Our standard when reviewing the sufficiency of the evidence is whether the evidence at trial, and all reasonable inferences derived therefrom, when viewed in the light most favorable to the Commonwealth as verdict-winner, are sufficient to establish all elements of the offense beyond a reasonable doubt. We may not weigh the evidence or substitute our judgment for that of the fact-finder. Additionally, the evidence at trial need not preclude every possibility of innocence, and the fact-finder is free to resolve any doubts regarding a defendant's guilt unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. When evaluating the credibility and weight of the evidence, the fact-

finder is free to believe all, part or none of the evidence. For purposes of our review under these principles, we must review the entire record and consider all of the evidence introduced.

*Commonwealth v. Trinidad*, 96 A.3d 1031, 1038 (Pa. Super. 2014) (quoting

*Commonwealth v. Emler*, 903 A.2d 1273, 1276-1277 (Pa. Super. 2006)).

As stated above, Appellant was found guilty of robbery, VUFA (possession of a firearm by a prohibited person), VUFA (firearms not to be carried without a license), VUFA (firearms not to be carried in public in Philadelphia), PIC, and REAP at CP-51-CR-0013614-2013. Additionally, the jury found Appellant guilty of REAP at docket number CP-51-CR-0013615-2013.

The relevant portion of the statute prohibiting robbery is defined as follows: "A person is guilty of robbery if, in the course of committing a theft, he … threatens another with or intentionally puts him in fear of immediate serious bodily injury[.]" 18 Pa.C.S. § 3701(a)(1)(ii).

The first VUFA statute of which Appellant was found guilty, possession of a firearm by a prohibited person, provides as follows:

A person who has been convicted of an offense enumerated in subsection (b), within or without this Commonwealth, regardless of the length of sentence or whose conduct meets the criteria in subsection (c) shall not possess, use, control, sell, transfer or manufacture or obtain a license to possess, use, control, sell, transfer or manufacture a firearm in this Commonwealth.

18 Pa.C.S. § 6105(a)(1).

The second VUFA statute, firearms not to be carried without a license, states in relevant part:

- 9 -

Except as provided in paragraph (2), any person who carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license under this chapter commits a felony of the third degree.

18 Pa.C.S. § 6106(a)(1).

Additionally, the third VUFA statute, firearms not to be carried in public in Philadelphia, provides: "No person shall carry a firearm, rifle or shotgun at any time upon the public streets or upon any public property in [Philadelphia] unless … such person is licensed to carry a firearm[.]" 18 Pa.C.S. § 6108(a)(1).

Next, the crime of PIC is defined in 18 Pa.C.S. § 907 as follows: "A person commits a misdemeanor of the first degree if he possesses any instrument of crime with intent to employ it criminally." 18 Pa.C.S. § 907(a).

Finally, REAP states: "A person commits a misdemeanor of the second degree if he recklessly engages in conduct which places or may place another person in danger of death or serious bodily injury." 18 Pa.C.S. § 2705.

After review, we conclude that the evidence presented at trial was sufficient to establish each of the aforementioned crimes. At trial, Leroy Byrd testified that on August 26, 2013, a man armed with a gun, who was later identified as Appellant, approached Mr. Byrd and his cousin, Saleese Austin, on the 500 block of Carpenter Street in Philadelphia. Appellant pointed the gun at Mr. Byrd's chest, and he directed Mr. Byrd to empty his pockets. Appellant then raised the gun to Mr. Byrd's face, and Mr. Byrd, fearing

Appellant was about to shoot him, reached for the weapon. The two men struggled for the gun, and Mr. Byrd wrested it away from Appellant. During the struggle, Appellant bit Mr. Byrd on the shoulder. Mr. Byrd struck Appellant in the face with the gun multiple times, and Appellant fell to the ground. Mr. Byrd and Ms. Austin then restrained Appellant until police arrived and arrested him. N.T., 10/14/14, at 44-56. Mr. Byrd was unable to identify Appellant, but Police Officer Joseph McCann who responded to the robbery identified Appellant as the man who was arrested on Carpenter Street after the aforementioned incident on August 26, 2014. *Id.* at 15. Officer Frank Lafontana testified that he recovered Appellant's gun from the scene. N.T., 10/14/14, at 105.

Mr. Byrd's cousin, Saleese Austin, provided consistent testimony. Ms. Austin identified Appellant as the assailant, and she stated that Appellant pointed his gun at her first. N.T., 10/9/14, at 24-27.

After review, we agree with counsel's assessment in the ***Anders*** brief that an appeal on the sufficiency of the evidence is frivolous. The testimony noted above aptly establishes every element of robbery, VUFA (firearms not to be carried in public in Philadelphia), PIC, and two counts of REAP. As for the convictions for VUFA (firearms not to be carried without a license) and VUFA (possession of a firearm by a prohibited person), we note that Appellant stipulated that he did not have a license to carry a firearm and had a prior conviction making him ineligible to possess a firearm. N.T., 10/15/14, at 11;

- 11 -

N.T., 10/16/14, at 13.  Accordingly, Appellant is due no relief regarding the sufficiency of the evidence.

The final issue set forth in the **Anders** brief is a challenge to the weight of the evidence.  Our Supreme Court has described the standard applied to a weight-of-the-evidence claim as follows:

> The decision to grant or deny a motion for a new trial based upon a claim that the verdict is against the weight of the evidence is within the sound discretion of the trial court. Thus, the function of an appellate court on appeal is to review the trial court's exercise of discretion based upon a review of the record, rather than to consider *de novo* the underlying question of the weight of the evidence. An appellate court may not overturn the trial court's decision unless the trial court palpably abused its discretion in ruling on the weight claim. Further, in reviewing a challenge to the weight of the evidence, a verdict will be overturned only if it is so contrary to the evidence as to shock one's sense of justice.

**Commonwealth v. Cash**, 137 A.3d 1262, 1270 (Pa. 2016) (internal citations and quotation marks omitted).  "[W]e do not reach the underlying question of whether the verdict was, in fact, against the weight of the evidence.... Instead, this Court determines whether the trial court abused its discretion in reaching whatever decision it made on the motion[.]"  **Commonwealth v. Ferguson**, 107 A.3d 206, 213 (Pa. Super. 2015) (citation omitted).

A challenge to the weight of the evidence must first be raised at the trial level "(1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion."  **Commonwealth v. Akrie**, 159 A.3d 982, 989 (Pa. Super. 2017).  Appellant preserved his challenge to the weight of the evidence by raising the issue in

his post-sentence motion. The trial court denied Appellant's post-sentence motion, without a hearing, on August 31, 2016.

As discussed earlier, there was testimony from the victims that Appellant approached Mr. Byrd and Ms. Austin while brandishing a firearm. Appellant then robbed Mr. Byrd, while placing others in danger due to his possession of the firearm. We conclude that there was nothing shocking about the verdict, and we discern no abuse of discretion in the trial court denying Appellant's post-sentence motion challenging the weight of the evidence.

Finally, we note that we have independently reviewed the record in order to determine whether there are any non-frivolous issues present in this case that Appellant may raise. *Commonwealth v. Harden*, 103 A.3d 107, 111 (Pa. Super. 2014). Having concluded that there are no meritorious issues, we grant Appellant's counsel permission to withdraw, and we affirm the judgment of sentence.

Petition of counsel to withdraw is granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/5/18

- 13 -